Cheri L. McCracken AZ Bar #006111
705 East Coronado Road
Phoenix, AZ 85006
(602) 231-0595
cherimccracken@gmail.com
**Attorney for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charmilee McNeil,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Arizona Snowbowl Resort Limited Partnership doing business under the Trade Name Arizona Snowbowl, and its partner, EGB Enterprises, Inc., an Arizona corporation doing business in Arizona,<br><br>　　　　　Defendant. | CV<br><br>**COMPLAINT**<br><br>**(Request for Jury Trial)** |

Plaintiff Charmilee McNeil, by and through undersigned counsel, hereby states her Complaint as follows:

1.　Plaintiff Charmilee McNeil, is a citizen and resident of Coconino County, Arizona.

2.　Defendant Arizona Snowbowl Resort Limited Partnership ("Snowbowl") is an Arizona Limited Partnership. One of its partners is

-1-

Defendant EGB Enterprises, Inc., an Arizona corporation. Both were doing business in Arizona at all relevant times. According to the Arizona Secretary of State, Snowbowl is doing business under the Trade Name Arizona Snowbowl and has its principal place of business in Coconino County.

3. Jurisdiction is appropriate in this Court pursuant 28 U.S.C. § 1331, §1343, 28 U.S. Code § 1367, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

4. Venue is appropriate in the District of Arizona, Flagstaff, pursuant to 28 U.S.C. §1391.

5. Plaintiff requests a jury trial in this matter.

6. Plaintiff has complied with all administrative processes and has obtained a Right to Sue Letter from the Equal Employment Opportunity Commission dated September 27, 2018, received on October 1, 2018, herein attached.

7. Plaintiff Charmilee McNeil is a female who is over 40 years of age and who at all relevant times was employed by Defendant in Flagstaff, Arizona.

8. Plaintiff began working for Arizona Snowbowl Resorts on August 29, 2015, as a housekeeper. Plaintiff received a promotion to Head Housekeeper. She was Head Housekeeper at the time of her termination on August 31, 2017.

9. Under the employment discrimination provisions of both Title VII of the Civil Rights Act of 1964 and the Arizona Civil Rights Act, filing an administrative charge with the EEOC and/or the ACRD is a statutory prerequisite to bringing a civil action asserting employment discrimination. See 42 U.S.C. § 2000e-5(e); see also A.R.S. § 41-1481(A). Plaintiff complied with these requirements.

10. Under both Title VII, 42 U.S.C.A. § 2000e-3(a), and A.R.S. § 41-1464(A), it is unlawful for an employer to discriminate or retaliate against an employee because she has opposed an unlawful employment practice or has "made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing" concerning such practice.

11. Title VII of the Civil Rights Act makes it "an unlawful employment practice for an employer" to "discriminate against any individual with respect to" the "terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

12. Under the ADEA, it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

13.     Plaintiff is a member of a protected class-here a female, she was qualified for the positions having worked for two years, she performed the job satisfactorily, demonstrated by her promotion to Head Housekeeper, that she experienced adverse employment actions when she was fired, harassed, and retaliated against by individuals outside her protected class were treated more favorably and the circumstances surrounding the adverse employment action give rise to an inference of discrimination. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir.2004); *see also Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir.1994). Here, the claimed reasons for termination were not enforced as to the other housekeepers. Further, another female who complained of harassment both on her behalf and Ms. McNeil, was terminated by the Defendant a day before Plaintiff.

14.     Plaintiff was sexually harassed by a co-worker who kept commenting about her being a lesbian, although she was not, and having sexual relations with a mature female employee, which again was not true. Both women were offended.

15.     Plaintiff suffered a hostile workplace based on sex as she was subjected to verbal and physical conduct of a sexual nature, the conduct was unwelcome, and the conduct was sufficiently severe or pervasive to alter the

conditions of the plaintiff's employment and create an abusive work environment *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998).

16.  After reporting this sexual harassment, she was terminated; Defendant retaliated against Plaintiff by terminating her employment because of her reporting of unlawful activity.

17.  Defendant's retaliatory actions were taken by Defendant, who had actual knowledge of Plaintiff's protected activity.

18.  Defendant's actions constituted retaliation within the meaning of 29 U.S.C. § 215(a)(3) and 42 U.S.C. § 2000e-3(a). Terminating Plaintiff's employment would dissuade a reasonable person in Plaintiff's circumstances from complaining about harassment or discrimination.

19.  A causal connection exists between Plaintiff's protected activity and the adverse employment action is evidenced, by the very close temporal proximity between Plaintiff's reporting, her colleague's reporting, and termination of her employment and her colleague's within days.

20.  Plaintiff is female over 40 years of age and thus belongs to a protected class.

21.  The younger housekeepers under age 40 were treated differently including, as reported to management, they were soliciting and keeping tips. This was the pretextual reason given for Plaintiff's termination by Defendant.

22. Plaintiff and another worker over 40 were allegedly terminated for the same reason where the under 40 housekeepers were not.

23. Plaintiff was qualified for the position or was performing the job satisfactorily as she was promoted to Head Housekeeper and had no job or disciplinary issues. She had been a loyal employee working 166 days straight.

24. Others similarly situated were not treated the same as evidenced by the claim that Plaintiff was "taking tips" yet others that were in fact caught were not terminated or similarly disciplined.

25. Plaintiff was terminated by Defendant.

## COUNT ONE
## SEX DISCRIMINATION
(Federal law)

26. Plaintiff adopts and incorporates all allegations above in paragraphs 1-25 as well as all subsequent paragraphs in support of this count.

27. Here, Plaintiff was harassed about being a "lesbian" and sleeping with a subordinate fellow female employee. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) This was not simple teasing, offhand comments or isolated incidents. It was continuous and pervasive and happened several times a week.

28. Plaintiff suffered a hostile workplace based on sex as she was subjected to verbal and physical conduct of a sexual nature, the conduct was unwelcome, and the conduct was sufficiently severe or pervasive to alter the

conditions of the plaintiff's employment and create an abusive work environment. She reported it but no action was taken to stop it.

29. Plaintiff was discriminated against as prohibited in Title VII of the Civil Rights Act makes it "an unlawful employment practice for an employer" to "discriminate against any individual with respect to" the "terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

30. Plaintiff was damaged by the actions of the Defendant in violation of law.

## COUNT TWO
## SEX DISCRIMINATION
### (State law)

31. Plaintiff adopts and incorporates all allegations above in paragraphs 1-30 as well as all subsequent paragraphs in support of this count.

32. A.R.S. §§ 41-1461 to -1468, 41-1481 to -1485 prohibit employment discrimination including sexual harassment or sexual discrimination under A.R.S. § 41-1463(B).

33. Plaintiff suffered a hostile workplace based on sex as she was subjected to verbal or physical conduct of a sexual nature, the conduct was unwelcome, and the conduct was sufficiently severe or pervasive to alter the

conditions of the plaintiff's employment and create an abusive work environment.

34. Plaintiff was damaged by the Defendant when she was terminated from her position.

## COUNT THREE
## AGE DISCRIMINATION
(Federal law)

35. Plaintiff adopts and incorporates all allegations above in paragraphs 1-34 as well as all subsequent paragraphs in support of this count.

36. Discrimination in employment is prohibited under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

37. Under the ADEA, it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The statute's protections are "limited to individuals who are at least 40 years of age." 29 U.S.C. § 631(a).

38. Plaintiff was over 40 years of age at the time she was terminated and age played a role in the termination as another co-worker who was also over 40 was terminated for the same reason while the younger workers were not. In order for an employer to be liable for age discrimination under the ADEA, "the plaintiff's age must have `actually played a role in [the employer's decision-

making] process and had a determinative influence on the outcome.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). See also *Gross v. FBL Fin. Serv., Inc.*, 557 U.S. 167, 176 (2009) ("To establish a disparate-treatment claim under the plain language of the ADEA, . . . a plaintiff must prove that age was the `but-for' cause of the employer's adverse decision."). Nevertheless, the plaintiff does not have the burden of proving that age was the "but-for" cause of the employer's adverse decision in order to survive summary judgment; rather, the plaintiff bears the burden of showing "but-for" causation at trial. *Shelley v. Geren*, 666 F.3d 599, 607-08 (9th Cir. 2012).

39. Claims of age discrimination based on circumstantial evidence are analyzed under the McDonnell Douglas three stage burden-shifting framework. *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (citing *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008)).

40. Plaintiff was damaged by the Defendant.

## COUNT FOUR
## AGE DISCRIMINATION
(State law)

41. Plaintiff adopts and incorporates all allegations above in paragraphs 1-40 as well as all subsequent paragraphs in support of this count.

42. Discrimination in employment under the Arizona Civil Rights Act,

A.R.S. § 41-1481 et seq. is prohibited.

43. Like the federal counterpart, the ACRA provision addressing age discrimination was modeled after the original version of the federal Age Discrimination in Employment Act of 1967 ("ADEA") to grant workplace protections in favor of employees between the ages of forty and sixty-five. ADEA, Pub. L. No. 90-202, § 12, 81 Stat. 607 (codified as amended at 29 U.S.C. § 631(a)).

44. Here, Plaintiff was over 40 years of age and was terminated for a reason that those under 40 years were not even disciplined for.

45. Plaintiff was damaged by the actions of the Defendant.

## COUNT FIVE
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(State law)

46. Plaintiff adopts and incorporates all allegations above in paragraphs 1-45 as well as all subsequent paragraphs in support of this count.

47. Arizona's Employment Protection Act ("EPA"), Ariz.Rev.Stat. ("A.R.S.") § 23-1501, Plaintiff was terminated because of her reporting of the sexual harassment. The termination was in violation of the public policy for the State of Arizona.

48. After suffering a hostile work environment, Plaintiff reported the conduct to her supervisors on several occasions.

49. Plaintiff was never given any discipline, warnings or other progressive discipline.

50. Plaintiff was damaged by Defendant's tortious conduct. *See Thompson v. Better-Bilt Aluminum Prods. Co.*, 171 Ariz. 550, 554, 832 P.2d 203, 207 (1992) (holding that a wrongful termination plaintiff is entitled to all ordinary tort damages legally caused by the tort).

51. An element of damage is legally caused by a tortious act if the tort is "`a substantial factor in bringing about the harm'" and the damages are closely connected to the tortious conduct so that they were reasonably foreseeable. Id. at 554-55, 832 P.2d at 207-08 (quoting Restatement (Second) of Torts § 431(a)(1979) and citing §§ 431(b) cmt. d and 433). Here, Plaintiff was terminated for the wrongful termination.

52. Plaintiff was damaged by the actions of the Defendant in violation of A.R.S. §23-1501 and case and constitutional law.

## COUNT SIX
## RETALIATION
### (State Law)

53. Plaintiff adopts and incorporates all allegations above in paragraphs 1-52 as well as all subsequent paragraphs in support of this count.

54. A.R.S. §§ 41-1461 to -1468, 41-1481 to -1485 prohibits employment discrimination including retaliation under A.R.S. § 41-1464(A),

55. Arizona case law on retaliation looks to the federal courts' interpretations of Title VII retaliation claims. *See Arizona Civil Rights Div. v. Olson*, 132 Ariz. 20, 643 P.2d 723 (App.1982).

56. Under A.R.S. § 23-1501(A)(3)(c)(ii), an employee has the right to bring a claim for wrongful termination if he or she is terminated in retaliation for disclosing to certain personnel that the employer "has violated, is violating or will violate the Constitution of Arizona or the statutes of this state." A.R.S. § 23-1501(B).

57. Plaintiff must establish that she had a good faith, reasonable belief that the Defendant violated or was violating state law, that she disclosed her belief in a reasonable manner to someone that she believed had the authority to investigate the alleged violation and take action to prevent further violations, and that her disclosure was a substantial motivating factor in the District's decision to terminate the employment. *See Murcott v. Best Western Int'l, Inc.*, 9 P.3d 1088 (2000). Plaintiff complied with all of these requirements.

58. Plaintiff was damaged by the actions of the Defendant in violation of case and constitutional law.

## COUNT SEVEN
## RETALIATION
(Federal law)

59. Plaintiff adopts and incorporates all allegations above in paragraphs 1-58 as well as all subsequent paragraphs in support of this count.

60. 42 U.S.C. §§ 2000e to 2000e-17, 12111 to 12117 prohibits employment discrimination including retaliation under 42 U.S.C. § 2000e-3(a),

61. The ultimate issue in a Title VII retaliation case is "whether the defendant [employer] discriminated against the plaintiff [employee] because the plaintiff engaged in conduct protected by Title VII." *Long v. Eastfield College*, 88 F.3d 300, 305 n. 4 (5th Cir.1996) (emphasis in original).

62. Plaintiff must first establish a prima facie case of retaliation by showing that she engaged in activity protected under the statute, the employer imposed an adverse employment action, and there was a causal connection between the two actions. *Scrivner v. Socorro Independent Sch. Dist.*, 169 F.3d 969 (5th Cir.1999).

63. If Plaintiff establishes a prima facie case, the burden shifts to the employer to articulate some legitimate nonretaliatory reason for the adverse action. *Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346 (9th Cir.1984). If it does, the employee must show that the employer's proffered explanation was merely a pretext or that a discriminatory reason more likely motivated its

actions. Id.  Plaintiff and her colleague complained about the harassment, both were terminated, the reasons given was pretextual and the temporal proximity supports the pretext.

64. Plaintiff was damaged by the actions of the Defendant in violation of case and constitutional law.

## COUNT EIGHT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65. Plaintiff adopts and incorporates all allegations above in paragraphs 1-64 as well as all subsequent paragraphs in support of this count.

66. Plaintiff suffered severe emotional distress manifested in physical injury.

67. The conduct by the defendant was "extreme" and "outrageous" in that Defendant fired Plaintiff right after she complained about the sexual harassment.

68. Defendant intentionally caused emotional distress or recklessly disregarded the near certainty that such distress will result from its conduct; and severe emotional distress did occur as a result of defendant's conduct. *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987) (emphasis in original) (citing RESTATEMENT (SECOND) OF TORTS § 46(1) (1965)).

69.     Defendant's acts were "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Cluff v. Farmers Ins. Exchange,* 10 Ariz. App. 560, 562, 460 P.2d 666, 668 (1969) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d).

70.     Plaintiff was damaged by the actions of the Defendant in violation of case and constitutional law.

## PUNITIVE DAMAGES

83.     In acting to terminate Plaintiff's employment and discriminating against her in her position, the emotional distress that Defendant caused by the intentional acts was severe and the Defendant acted with an evil mind. Through its agents, Defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.

A JURY TRIAL IS REQUESTED

PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff requests the following:

A. Damages caused by the conduct of the Defendant in an amount to be determined at trial including back pay, future pay, lost benefits, and emotional and physical damages;

B. Punitive damages;

C. Attorneys' fees and costs; and

D. And, such other and or further relief as may be justified under the applicable facts and circumstances.

DATED this 20th day of December, 2018.

/s/ Cheri L. McCracken
Cheri L. McCracken
Attorney for Plaintiff